### KLASS v. KLASS

Ohio Appeals, 3rd Dist., Putnam Co.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**1265. WEIGHT OF EVIDENCE.**

Fact that Court of last resort, on questions of weight of evidence, reverses judgment and, upon second trial, no new testimony is offered, does not impose, on trial judge, duty to withdraw case from jury.

**42. ADVANCEMENTS—225.    Charge of Court.**

Where plaintiff who, as surety, has paid notes of defendant who was principle debtor and defendant's sole defense is that plaintiff voluntarily paid notes and released him, by way of advancement, from his obligation to repay, plaintiff's possession or non-possession of notes not controlling of question that jury must determine.

Error to Common Pleas.

Judgment reversed.

F. W. Durbin and A. A. Slaybaugh, Leipsic, for plaintiff in error.

Otto W. Hess, Napoleon, for defendant in error.

## STATEMENT OF FACTS

In 1920 and 1921 defendant below, who is plaintiff in error here, gave two notes to the Bank of Leipsic. Plaintiff below, the defendant's father, signed both notes as surety and later paid them. The action was brought to recover the amount of money he so paid.

The defendant's sole defense was that plaintiff had voluntarily paid the notes and had relaesed him, by way of advancement, from his obligation to repay the sum of money so expended.

At the first trial, plaintiff obtained a judgment which was reversed on the sole ground that the verdict of the jury was against the weight of the evidence. On a retrial of the case the jury returned a verdict for plaintiff, which the trial court sustained by overruling a motion for a new trial and entering a judgment.

Reversal of this judgment is now sought on the grounds that the trial court erred in overruling the motion for a directed verdict in favor of defendant at the close of all the evidence. Also that there was error in the charge.

## OPINION OF COURT

The following is taken, verbatim, from the opinion.

JUSTICE, J:

In support of the first contention, counsel for plaintiff in error invite our attention to the case of Insurance Company v. Whitaker, 9 O. C. C. (N. S.) 126. The second branch of the syllabi of this case reads as follows:

"Where a court of last resort on the question of the weight of the evidence, reverses a judgment because not supported by sufficient evidence and remands the cause for retrial, the judgment of the reviewing court on the wieght of the evidence stands as the law of the case; and if upon second trial no new testimony is offered, and the case is submitted on the record as made at the first trial, it is the duty of the trial judge to withdraw the case from the jury on his own motion and render judgment for the defendant."

This case unquestionably sustains the contention of counsel for plaintiff in error, and if followed by us, is decisive of the question here. However, with all due respect to the judge who particiated in this case, we find ourselves unable to approve the rule of law enounced by them, and for the reason that such a rule would nullify the doctrine of the right of trial by jury, which is secured and guaranteed to all the people of this state by the constitution, 88 OS. 34.

The contention of counsel for plaintiff in error for a directed verdict in his favor is therefore not well taken.

Turning now to the charge. The trial court, in part, instructed the jury as follows:

"If these notes were left in the possession of the father, the power was left in his possession to repudiate his intention to make a gift at any time he chose, and if, afterwards, he did not choose to repudiate his intent to make such a gift, if he did, and then exercised that intention, so long as he had control of the property, that would amount to a repudiation of that intent. * * * ."

Also

"The evidence will be for you to determine what kind of instrument that was, if you come to that point in your determination of what the testimony shows in this case. If Joseph Klass did not execute any instrument which would amount to a repudiation of his right or surrender of his right to collect these notes, then there would only be one way for him to finally make the advancement, which is claimed in this case, and that would be to submit the paper, which he held as evidence of indebtedness, to the son, in such manner that he would lose control of it, * * *"

Also

"If a man attempts to make an advancement by a written instrument, or any other way, especially in the form of a promise, it must be such as to cause the parent who makes the advancement to lose control of the instrument that he is to give, and while, at any time he has control of it, if he chooses to repudiate any promise he may have made, he has the legal right to do so."

These instructions, taken separately and collectively, are in our opinion, erroneous and prejudicial to the plaintiff in error.

Plaintiff's possession or non-possession of the notes was therefore not controlling of the question that the jury had to determine.

It was not within the province of the trial court to thus so comment on the evidence, as by so doing, it invaded the province of the jury and, as we view it, to the prejudice of the plaintiff in error.

Holding these views, the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

Before Julges, Crow, Hughes and Justice.